**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EUGENE RAINS,**

        **Plaintiff,**

    **vs.**                                                 **Civil Action 2:08-CV-457**
                                                                 **Judge Graham**
                                                                 **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## OPINION AND ORDER

After the denial of plaintiff's first applications for disability insurance benefits and supplemental security income became final, effective September 27, 2000, plaintiff filed his current applications for benefits. The administrative law judge found that there was no new and additional evidence relating to the period September 28, 2000, to December 31, 2000, *i.e.*, the day after the earlier administrative decision to the lapse of plaintiff's insured status for purposes of disability insurance benefits. Accordingly, the administrative law judge concluded that he was bound by the findings of the previous administrative decision, *see Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997), and concluded that plaintiff was not disabled at any time prior to the lapse of his insured status for disability insurance benefits. The administrative law judge also concluded, however, that plaintiff was disabled beginning May 18, 2001.

In this action, plaintiff challenges the findings and conclusions of the administrative law judge relating to the period September 28, 2000, through December 31, 2000. Plaintiff argues that the record reflects new and material evidence relating to that period and

contends that the administrative law judge should have found plaintiff disabled, for purposes of disability insurance benefits, prior to the lapse of his insured status.

In a *Report and Recommendation* issued August 6, 2009, the United States Magistrate Judge concluded that the Commissioner's decision in this regard is supported by substantial evidence and therefore recommended that the decision of the Commissioner be affirmed. *Report and Recommendation,* Doc. No. 14. This matter is now before the Court on plaintiff's *Objections* to that *Report and Recommendation,* Doc. No. 15, which the Court will consider *de novo. See* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

In his *Statement of Errors*, plaintiff suggested that the record reflected new and material evidence relating to the period at issue, and pointed specifically to MRIs performed after the earlier administrative decision, to the treatment records of his primary care physician, Bernard Master, D.O., and to the testimony of the medical expert who testified at the second administrative hearing, Gordon B. Snider, M.D. In his *Objections,* plaintiff now focuses exclusively on the testimony of the medical expert, Dr. Snider, upon whose testimony the administrative law judge relied in finding that plaintiff has been disabled since May 2001. Plaintiff specifically contends that Dr. Snider's testimony must be construed as relating to the entire period beginning September 28, 2000.

At the administrative hearing, the administrative law judge asked Dr. Snider to testify regarding any change in plaintiff's residual functional capacity "since on or about 9/28/2000." *A.R.* 564. Plaintiff takes the position that all of Dr. Snider's testimony therefore relates to the period following the prior administrative decision.

2

The Magistrate Judge concluded that the Commissioner did not err in this regard.

> ... Dr. Snider's testimony does not support plaintiff's assertion that his condition worsened after September 27, 2000, but before December 31, 2000. It is true that Dr. Snider's testimony formed the basis of the administrative law judge's finding that plaintiff has been disabled since May 2001. Dr. Snider referred to the April 2001 MRI, which was of course not performed during the period at issue. *A.R.* 562. As for the November 2000 MRI, Dr. Snider expressly commented that the foraminal narrowing noted in that study was demonstrated "clear back in '99." *Id.* Significantly, Dr. Snider testified that "there's so little data in this file in '01, about his back. And I can't – I couldn't glean anything out of all these records" *A.R.* 567. Even the sit/stand restriction included in plaintiff's residual functional capacity by Dr. Snider was based upon "the data ... that [has] existed steadily for the last three or four years." *A.R.* 568-69. Plaintiff's subjective complaints and the minimal objective clinical findings for the relevant time period do not support plaintiff's argument that the record documents evidence of a worsening of his condition during the period at issue.

*Report and Recommendation,* p.13. This Court agrees that the record provides substantial support for the administrative law judge's finding that there was no new and additional evidence relating to the period September 28, 2000, until the lapse of plaintiff's insured status for disability insurance purposes. The administrative law judge did not, therefore, err in regarding himself bound by the findings made in connection with plaintiff's earlier applications for benefits.

Plaintiff's *Objections* to the *Report and Recommendation* are **DENIED.** The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.** The decision of the Commissioner is **AFFIRMED** and this action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

**It is so ORDERED.**

<u>s/ James L. Graham</u>
JAMES L. GRAHAM
United States District Judge

**DATE**: September 24, 2009